IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**TROY ALLEN CROMLEIGH** )
    Petitioner )
)    **C.A. No. 07-275 Erie**
vs. )    **District Judge McLaughlin**
)    **Chief Magistrate Judge Baxter**
**CHARLES F. CHENOT, et al,** )
    Respondents. )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    REPORT**

It is respectfully recommended that this action be transferred to the United States District Court for the Middle District of Pennsylvania, forthwith.

**II.    RECOMMENDATION**

Petitioner, Troy Allen Cromleigh, presently incarcerated at the SCI at Albion, Pennsylvania, brings this petition for writ of mandamus against Charles F. Chenot of the Perry County District Attorney's office and Attorney Jerry A. Philpott. As relief, Plaintiff requests that this Court order the Court of Common Pleas of Perry County to provide him with copies of hearing transcripts, reports and discovery in his criminal case.

Title 28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Title 28 U.S.C. § 1391(b) provides that venue is proper in such actions in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

1

In this case, Respondents are not located within this District, but are located in Perry County, Pennsylvania which is in the U.S. District Court for the Middle District of Pennsylvania. For the convenience of the parties, this Court recommends that this case be transferred to the Middle District forthwith.

**III. CONCLUSION**

For the foregoing reasons, this case be transferred to the United States District Court for the Middle District of Pennsylvania forthwith.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: December 5, 2007